DANIEL RHINESMITH, appellant,

*v.*

JOHN M. SLOTE et ux., respondents.

Cash to pay off a mortgage was left by the mortgagor in the hands of B. In collecting this sum, the mortgagee accepted B.'s note in lieu of a part of the cash, and purposely concealed this fact from the mortgagor for a period of ten years.—*Held*, that the conduct of the mortgagee was a continuing admission to his mortgagor that he had received the cash on his mortgage, and that he is estopped from asserting rights inconsistent with such admission.

On appeal from a decree advised by *John Hopper, Esq.*, sitting as Advisory Master in two causes consolidated and heard as one.

*Mr. E. Emley*, for appellant.

*Mr. Z. M. Ward*, for respondents.

The opinion of the court was delivered by

GARRISON, J.

The controversy in these cases is whether the balance of a debt, secured by a certain mortgage, is a subsisting indebtedness as between these parties.

The mortgage in question was given in 1873 by Slote to Rhinesmith to secure the payment of $575 in one year. About a year and a half after giving this mortgage Slote sold to one, Berry, for $2,000 in cash, a parcel of land which was supposed by the parties to be part of the mortgaged premises, while, in fact, it was not. However, Berry, with Slote's consent, retained out of the purchase-money the amount necessary to pay off Rhinesmith's mortgage in cash.

Rhinesmith was told of this arrangement, but instead of collecting the whole amount in cash, he accepted from Berry his cheque for $450 and his note in bank for $189.83. The cheque was dated February 1st, 1875, and was paid upon presentation.

The note was dated December 11th, 1875, and was not paid upon maturity, but was held by Rhinesmith, who, on February 12th, 1876, accepted Berry's cheque for $100, which was paid.

Rhinesmith has not been paid the difference between this cheque and the note and interest.

In 1886, ten years after the giving of the note, and upon Rhinesmith's refusal to satisfy his mortgage, Slote filed his bill to have the same canceled, and Rhinesmith, shortly after answering, filed his bill to foreclose.

These two causes, which were consolidated, present the single question, whether Rhinesmith has in his mortgage a subsisting and enforceable lien.

It was contended by counsel for Slote, that as the testimony stood, the acceptance by Rhinesmith of Berry's note was a nova-

tion which discharged Slote's mortgage debt.  In point of fact, Berry was Slote's agent; but in the minds of all parties he might fairly have been considered as a purchaser of a portion of the mortgaged premises, paying off an encumbrance for which his own parcel was liable.  In ascribing to Rhinesmith the intention to novate his debt, this mistaken impression of the parties has to be taken into consideration.  It will not, however, be necessary to pursue that inquiry.  The case before us rests upon principles more distinctively equitable.

Rhinesmith, with knowledge that Slote had left for him in cash the amount of his debt, accepted from Berry part cash and part note.  For a period of five years Slote was permitted by Rhinesmith to believe that the money left with Berry had been paid over and that the mortgage was extinguished.

Rhinesmith himself says that he purposely, and by arrangement with Berry, concealed from Slote the fact that Berry had given a note which he, Rhinesmith, had accepted in lieu of cash.

The effect of Rhinesmith's conduct was to make Slote believe that he had received the money; it was a continuing admission to that effect.

During the ten years which followed the giving of this note, Rhinesmith never let Slote know of its existence, nor did he himself attempt to enforce its collection against Berry.

The bad faith and laches here shown bring this transaction clearly within the principle of equitable estoppel, which prevents one whose admissions have misled another to his injury from afterward alleging the truth.

Even if we grant that Rhinesmith acted innocently, or from good motives, the case still comes under the rule that where a loss must fall upon one of two innocent persons, it must be borne by him whose acts occasioned it.

These views result in an affirmance of the decree of the court of chancery.

*Decree unanimously affirmed.*